**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IVAN BLACK,

        Plaintiff,                                 Case Number: 08-CV-11197

v.                                                       HONORABLE PAUL D. BORMAN

MDOC BUREAU OF HEALTH CARE, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Ivan Black a state inmate currently incarcerated at the Gus Harrison Correctional Facility, in Adrian, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in accordance with 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2),[1] because defendants are entitled to immunity under the Eleventh Amendment.

Plaintiff names two defendants, the Michigan Department of Corrections (MDOC)

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

Bureau of Health Care and the MDOC Healthcare Service. Plaintiff states that he suffers from asthma and gender identity disorder. He alleges that the defendants have failed to provide him with an inhaler and have failed to provide him with the appropriate medication to treat his gender identity disorder. He seeks monetary damages.

Under the Eleventh Amendment, a state is immune from suit if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. Fleming v. Martin, 24 F. App'x 258, 259 (6th Cir.2001) ("Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief."). A suit against a state agency is a suit against the state since any damages awarded to the plaintiff will come from the state treasury. Hutsell v. Sayre, 5 F.3d 996 (6th Cir. 1993), *cert. denied*, 510 U.S. 1119 (1994) (holding "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment") (internal citations omitted). The MDOC is a state agency. Therefore, the MDOC is immune from suits for monetary damages. Adams v. Michigan Department of Corrections, 817 F.2d 756 (6th Cir. 1987) (unpublished); Ritchie v. Michigan Department of Corrections, 826 F.2d 1065 (6th Cir. 1987) (unpublished). Both named defendants are divisions of the MDOC, therefore, they too are immune from suits for money damages. See Hagopian v. Smith, 2007 WL 3038024, *1 (E.D. Mich. Oct. 18, 2007).

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED**.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: April 14, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 14, 2008.

                                              s/Denise Goodine
                                              Case Manager